## Case No. 13,761.

### TATHAM v. LE ROY.

Circuit Court, S. D. New York. 1849.

PATENTS—ALIEN PATENTEE—COMBINATIONS—INFRINGEMENT—WHO ARE INFRINGERS—NEW AND USEFUL RESULT.

1. Under section 15 of the act of 1836 [5 Stat. 123], it is not essential that an alien patentee or his assignee should take active means for the purpose of putting the patented invention in the market, and forcing a sale, within 18 months after the date of the patent, but only that he should be ready at all times to sell at a fair price, when a reasonable offer is made.

2. It is a question for the jury to determine whether the invention was so put and continued on sale.

3. If a combination is new, and produces a new and useful result, it is the proper subject of a patent.

4. Though a mere combination of machinery in the abstract may not be new, yet if used and applied in connection with the practical development of a newly-discovered principle, producing a new and useful result, the subject is patentable.

5. Under section 15 of the act of 1836, providing, in the case of a patent granted to an alien patentee, that it should be a good defense that such patentee had omitted to put and continue his invention on sale, upon reasonable terms, within 18 months after the patent was granted, it is not essential that such patentee should take active means for the purpose of putting his invention in market, and forcing a sale; but it is a sufficient compliance with the law that he should at all times be ready to sell at a fair price, when a reasonable offer is made.

6. Where A. and B. agreed with C. to purchase of the latter all of a certain article (lead pipe) which he should make, A. and B. agreeing to furnish the lead, and pay C. a given price for manufacturing, and C. used in such manufacture a machine patented to plaintiff's assignor, *held*, in an action for infringement against A., B. and C., that if A. and B. had no connection with the manufacture, except to furnish the lead and pay a given price, they were not liable for infringement.

7. But if the agreement was only colorable, and entered into for the purpose of securing the profits of the business, without assuming the responsibility for the use of the invention, then they would be liable. Aiding and assisting a person in carrying on such a business and in operating the machinery, will implicate the parties so engaged.

8. It is a question for the jury to determine whether an alien patentee has put and continued on sale the invention patented to him within 18 months from the date of the patent.

9. The question of identity between two opposing machines is ultimately one of fact to be determined by the jury.

10. The discovery of a new principle is not patentable, but it must be embodied and brought into operation by machinery so as to produce a new and useful result.

[Cited in Law's Pat. Dig. 128, 183, 244, 371, 456, 489, 581, and 592, to the points as stated above. Nowhere reported; opinion not now accessible.]

[See Case No. 13,762, and note.